**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JOHN EDWARD PARKER,**

       **Plaintiff,**

**vs.**                                        **1:09CV29-MP/AK**

**WARDEN HUMPHRIES, et al,**

       **Defendants .**

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983 (doc. 5), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 6). Leave to so proceed has been granted in a separate order. (Doc. 7).

Plaintiff alleges that he was sexually assaulted by Defendant Singletary. He has sufficiently stated a claim against this defendant for service of process, but he should delete as a defendant Warden Humphries because she is not liable for the actions of Defendant Singletary simply because she is the warden. Supervisory personnel cannot be held vicariously liable for the actions of their subordinates, but may be independently liable if a reasonable person in the supervisor's position would have known that his conduct infringed the Plaintiff's rights and the supervisor's conduct was causally related to the subordinate's constitutional violation. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); McKinney v. DeKalb County, 997 F.2d 1440, 1443 (11th Cir. 1993). Plaintiff

does not allege that Warden Humphries took any actions that contributed or caused the assault. Consequently, Plaintiff should not name her as a defendant in the second amended complaint, if he chooses to file one.

Also, Plaintiff complains generally about retaliation by unnamed persons, but provides no facts to support this claim. He should leave this claim out of his second amended complaint unless he is prepared to name those persons who are retaliating against him and provide specific facts to support specific acts of retaliation.

Finally, Plaintiff seeks as part of his relief an injunction, but he does not specify what acts he would have the Court enjoin. He should be specific about this.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **May 16, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this   *16th*   day of April, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**