UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**JOHN EDWARD PARKER,**

    Plaintiff,

    -vs-                                        CASE NO. 1:09-cv-00029-MP-AK

**MIKE SINGLETARY**

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Mike Singletary, pursuant to Rule 56(b), Fed. R. Civ. Proc., and does hereby move for the entry of an Order granting summary judgment in his favor in this cause. Defendant alleges the following:

1.    That there is no genuine issue as to any material fact; and

2.    That he is entitled to a judgment as a matter of law.

Grounds for this motion are more fully demonstrated in the accompanying memorandum of law and exhibits attached hereto.

## MEMORANDUM OF LAW

### I.

### STATEMENT OF THE FACTS

Plaintiff has brought this action under 42 USC §1983 for alleged wrongful use of physical force, as well as sexual abuse on Oct. 3, 2008, while Plaintiff was an inmate at Mayo Correctional Institution, and Defendant was a correctional officer there. See, second amended complaint (Doc. #13). Plaintiff specifically alleges that Defendant attempted to perform a sexual act upon him on that date, but that he (Plaintiff) was able to resist Defendant's attempt.

However, he further alleges that Defendant was able to then 'slam' Plaintiff's head into a recreation steel door.  Plaintiff appears to claim that he suffered not physical injury, but rather mental or emotional distress.  See, e.g. Doc. #13, pg 6, para. 8:  "The essence of this action may not be recovery for physical injury nor death, I've lossed (sic) a disability of mental trust, dignity and self-esteem."

Plaintiff further alleges that Defendant's actions against him were in retaliation for some unspecified action Plaintiff took against Sgt. Don Singletary, alleged to be Defendant's brother, in an attempt to assist his brother.  For relief, he seeks 'punitive' damages, and an injunction that Defendant be 'dismissed' from his employment with the Department of Corrections.

Defendant will demonstrate herein, through argument below and exhibits attached hereto, that Plaintiff is entitled to no relief whatsoever, and that he (Defendant) is entitled to a summary judgment in his favor.

## II

## STATEMENT OF MATERIAL UNDISPUTED FACTS

Pursuant to Local Rule 56.1(A), Northern District of Florida, Defendant herewith submits the following statement of material undisputed facts:

1.  On October 3, 2008, Plaintiff was an inmate at Mayo Correctional Institution and Defendant was a correctional officer there.  Ex. 'A'.

2.  On said date, Plaintiff's disorderly behavior caused Defendant to initiate disciplinary charges against him, as a result of which Defendant placed hand restraints upon Plaintiff, for processing into administrative confinement.  Ex. 'A'.

3.  Defendant applied no other force to Plaintiff', nor did he sexually abuse Plaintiff or attempt to do so.  Ex. 'A'.

      4.   Defendant did not 'retaliate' against Plaintiff at any time for Plaintiff's filing grievances against Defendant's brother, Sgt. Don Singletary.  Ex. 'A'. so Plaintiff suffered no physical injury as a result of the alleged incident on October 3, 2008.  Doc. #13; Exhibits 'B', 'C', and 'D'.

### III.

### STATEMENT OF THE LAW

      A.   <u>Defendant did not use wrongful or excessive force.</u>

The Eighth Amendment's proscription of cruel and unusual punishments governs prison officials' use of force against convicted inmates. See <u>Whitley v. Albers</u>, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L. Ed.2d 251(1986).  To establish an Eighth Amendment claim for excessive force, Plaintiff must meet an intent requirement more stringent than the deliberate indifference standard: he must prove that "force was applied . . . maliciously and sadistically for the very purpose of causing harm." <u>Campbell v. Sikes</u>, 169 F.3d 1353 (11th Cir. 1999) (quoting <u>Whitley</u>, 475 U.S. at 320-21, 106 S.Ct. 1078; <u>Skritch v. Thornton</u>, 280 F.3d 1295 (11th Cir. 2002)). While discussing this heightened specific intent requirement in <u>Whitley</u>, the Supreme Court reiterated that "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." <u>Whitley</u>, 475 U.S. at 319, 106 S. Ct. 1078. While reviewing the force used to quell a prison disturbance in <u>Whitley</u>, the Court explained that "whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the every purpose of causing harm." <u>Id</u>. at 320-321, 106 S. Ct. 1078 (internal

citations and quotations omitted).

Subsequently, in Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court extended Whitley's holding outside the prison disturbance context and applied the same heightened intent requirement to force used as a prophylactic, preventive measure. See Whitley, 475 U.S. at 322, 106 S.Ct.1078 (acknowledging the distinction). The Hudson Court held that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in Whitley: whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6-7, 112 S.Ct. 995. The Court reasoned that, even absent the exigency present during a disturbance, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain institutional security." Hudson, 503 U.S. at 7, 112 S.Ct. 995 (quoting Whitley, 475 U.S. at 321-22, 106 S.Ct. 1078) (internal quotations omitted). Thus, Hudson dictates that Whitley's standard - force applied maliciously and sadistically to cause harm - applies to all claims that prison officials used excessive force against convicted prisoners.

In addition to defining the mental state required, Hudson and Whitley outline five distinct factors relevant to ascertaining whether force was used "maliciously and sadistically for the very purpose of causing harm":  (1) the need for force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates; and (5) any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7-8; see also Whitley, 475 U.S. at 321; Harris v. Chapman, 97 F.3d 499, 505 (11th Cir. 1996).  From consideration of such factors, "inferences may be drawn as

4

to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." Whitley, 475 U.S. at 321 (quotations omitted). Whitley also narrows the precise inquiry applicable when deciding whether officials are entitled to judgment as a matter of law:

> Courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley, 475 U.S. at 322, 106 S.Ct. 1078.

In the instant case, Plaintiff has not suffered an Eighth Amendment violation. The only force applied to him by Defendant Singletary was to place him in hand restraints, as part of processing Plaintiff for placement in confinement. As Defendant attests in his attached affidavit (Ex. 'A'): "…the only 'force' I applied to him was to place him in hand restraints, per normal operating procedure, as he was being processed for placement in administrative confinement." Id. pg. 3; par. 18. Defendant precedes that statement with a description of Plaintiff's disruptive behavior on Oct. 3, 2008, wherein he (Plaintiff) refused to obey orders and became verbally abusive, causing Defendant to initiate disciplinary charges against him for 'disobeying order'.

Defendant in his affidavit further attests that he did not sexually abuse Plaintiff on the date in question, or on any occasion, or attempt to do so. He further denies that he 'retaliated' against Plaintiff for filing grievances against his brother; he was not aware of any such grievances.

Thus, clearly, the undisputed evidence demonstrates that, to the extent Defendant used

5

'force' upon Plaintiff by placing hand restraints upon him, it complied with the Whitley, supra standard, was not wrongful or excessive, and warrants summary judgment in Defendant's favor.

**B.**

### Plaintiff Has Failed To Establish the Existence of a Physical Injury

In order for an inmate to bring a civil action in federal court for mental or emotional injuries suffered while in custody, there must be a showing of physical injury. 42 U.S.C. §1997e(e). Section 1997e(e) of the PLRA (Prison Litigation Reform Act) states: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. §1997e(e). This circuit has held that the physical injury requirement of Section 1997e(e) applies to constitutional rights. Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) (en banc), reinstating in part, 190 F.3d 1279 (11th Cir. 1999).

In Harris, the Eleventh Circuit held that Section1997e(e) unambiguously includes all federal claims, including constitutional claims, stating:

> [T]he "avoidance" canon of construction plaintiffs rely upon applies where there is ambiguous statutory language, and here there is none. Section 1997e(e) unequivocally states that "No Federal Civil Action may be brought. . .", and "no" means no. The clear and broad statutory language does not permit us to except any type of claims, including constitutional claims.

Id. at 984 (citations omitted).

In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), a prisoner filed a Section 1983 claim against Texas prison officials after guards bruised his ear during a search. The ear remained bruised and sore for three days. The prisoner did not seek or receive medical treatment, nor did he allege that he had suffered any long term physical injuries. The court

dismissed the prisoner's claim stating "In the absence of any definition of 'physical injury' in Section 1997e(e), we hold that the well established Eighth Amendment standards guide our analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering.  That is, the injury must be more than de minimus (sic), but need not be significant."  Oliver v. Keller, 289 F.3d 623 (9th Cir. 2002) (quoting Siglar at 193).

The Eleventh Circuit has explicitly adopted the Siglar *de minimis* approach.  Harris, 216 F.3d 970 (11th Cir. 2000) (en banc), reasoning that an interpretation that "any allegation of physical injury is sufficient . . . would undermine the statute's essential purpose - 'to curtail frivolous and abusive prisoner litigation."  See also Sarro v. Essex County Correctional Facility, 84 F.Supp.2d 175, 177 (D. Mass. 2000) (finding that difficult breathing which required the use of an inhaler was found not to satisfy the physical injury requirement); McGrath v. Johnson, 67 F.Supp.2d 499, 508 (E.D. Pa. 1999) (finding that inflammation of skin caused by a condition that erupts during periods of mental and emotional pain was not sufficient to satisfy §1997e(e)'s injury requirement); Cain v. Commonwealth of Va., 982 F.Supp. 1132, 1135 and n.3 (E.D. Va. 1997) (finding that unbearable headaches, vision loss, numbness in arms and legs, joint pain, stomach cramps, lower back pain, and blackouts were not a sufficient physical injury to recover under §1997e(e) for mental injury; Zehner v. Trigg, 952 F.Supp. 1318, 1321-23 (S.D. Ind. 1997) (holding that mere exposure to friable asbestos in the prison kitchen is not a physical injury that would support recovery for the mental anguish of developing cancer or asbestosis and its related diseases), aff'd. 133 F.3d 459 (7th Cir. 1997); Cannon v. Burkybile, 2000 U.S. Dist. LEXIS 14139, No. 99C-4623, 2000 WL 1409852 (N.D. Ill. Sept. 25, 2000) (finding that headaches, insomnia, stress, and stomach anxiety did not meet the physical injury requirement of §1997

e(e).

Here, the attached affidavit of Dr. Rondolphe Lafontant, who was Chief Health Officer at Mayo CI on the date of the alleged incident, demonstrates that the medical evidence does not support Plaintiff's allegations of physical or sexual abuse.  See, Ex. 'B', pg. 2; paragraphs 7 through 10.   See also, Exhibits 'C' and 'D' ('Emergency Room Record' and 'Diagram of Injury', respectively.  It is significant, per Dr. Lafontant, that apparently Plaintiff did not even report any sexual abuse, while he alleged staff abuse.

In any event, the absence of any physical injury, as admitted to by Plaintiff in his Second Amended Complaint, as well as verified in the above described exhibits, precludes any monetary recovery for Plaintiff herein.  Nor has he demonstrated entitlement to injunctive relief of any kind.

## CONCLUSION

For the foregoing reasons, and on the basis of the authorities cited herein, and the evidence submitted herewith, Defendant   submits that there is no genuine issue as to any material fact, and that he is entitled to a judgment as a matter of law.

        Respectfully submitted,

        BILL McCOLLUM
        ATTORNEY GENERAL


        /s/ Joe Belitzky_____
        JOE BELITZKY
        Senior Assistant Attorney General
        Florida Bar No. 0217301
        Office of the Attorney General
        The Capitol, PL-01
        Tallahassee, Florida 32399-1050
        PH:  (850) 414-3300
        FX:  (850) 488-4872

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to John Edward Parker, DC#202042, Franklin Correctional Institution, 1760 Highway 67 North, Carrabelle, Florida  32322, on this 16th day of June 2010.

                                              /s/ Joe Belitzky_____
                                              Attorney