UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN EDWARD PARKER,

      Plaintiff,

v.                           Case No. 1:09-cv-29-MP-GRJ

MIKE SINGLETARY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion For Summary Judgment (Doc. 70), to which Plaintiff has responded. (Doc. 72.) Accordingly, this matter is ripe for review. For the reasons discussed below Defendant's Motion for Summary Judgment (Doc. 70) is due to be **GRANTED IN PART AND DENIED IN PART.**

## I. BACKGROUND AND FACTS

### A. The Events on October 3, 2008

Plaintiff alleges that on October 3, 2008, he was in the recreation office at Mayo Correctional Institution when Defendant pulled Plaintiff's gym shorts down and attempted to put Plaintiff's penis in his mouth.[1] When Plaintiff pushed Defendant away, allegedly the Defendant slammed his head into a steel door causing loss of "mental trust, dignity and self-esteem."[2] Plaintiff claims that the Defendant assaulted him in retaliation for grievances Plaintiff had filed against his brother, Don Singletary.[3]

---

[1] Second Am. Compl. 5. (Doc. 13).

[2] Id. at 6.

[3] Id.

Defendant attests that at 10:25 a.m. on October 3, 2008, he was working as the recreation officer when he observed Plaintiff wearing shorts on his job assignment.[4] When the Defendant attempted to talk with Plaintiff, Plaintiff walked away from him and ignored Defendant's instructions to report to the office.[5] After four orders to stop and submit to handcuffs, Plaintiff finally complied and was taken to confinement.[6] On the way to confinement, Plaintiff became verbally abusive, drawing the attention of other inmates, and disrupting the normal operation of the gate area, and he was given a disciplinary report for disorderly conduct and disobeying an order.[7] According to the Defendant, he did not know that Plaintiff had filed any grievances against his brother, Don Singletary, until he read it in the complaint in this lawsuit, and at no time did he sexually assault the Plaintiff or use any force against him, except to put him in hand restraints, "per normal operating procedure."[8] Defendant believes the "outrageous sexual allegations" made against him are to humiliate him personally and professionally.[9]

Plaintiff's medical records were reviewed and reflect that Plaintiff was examined on the date of the incident because he alleged that "[a]fter I was put in handcuffs an

---

[4] Mike Singletary Aff. 2. (Doc. 70, Exhibit A). Defendant does not explain how, if, or why wearing shorts was a disciplinary issue.

[5] Id.

[6] Id.

[7] Id.

[8] Id. at 2-3.

[9] Id.

[officer] slammed my head up against the door."[10] Dr. Lafontant was Chief Health Officer at Mayo Correctional Institution at the time in question and attests that nowhere in Plaintiff's medical record does he complain of sexual abuse and that if he had complained it would have been noted and he would have been examined for it.[11] The records do reflect that Plaintiff was examined for the alleged head injury and complaints of a headache; that there were no abrasions, lacerations, bumps or bruises on any part of [his] body;" and that he was "smiling and pleasant."[12] No treatment was requested and none was provided.[13]

### B. Procedural History

Plaintiff initiated this lawsuit on February 11, 2009 (Doc. 1) and filed the second amended complaint on May 12, 2009 (Doc. 13), which includes claims under the "Florida Human Rights Act," "Federal guidelines on discrimination," "public policy," and the Eighth Amendment.[14] Plaintiff seeks injunctive relief, specifically that Defendant be dismissed from the Department of Corrections, and $500,000 in punitive damages.[15] Plaintiff also requests that "other staff" be enjoined from doing any construction work at Mayo, from transferring him, and from threatening or assaulting him.[16]

---

[10] Rondolphe Lafontant, M.D. Aff. 2 (Doc. 70, Exhibits B and C).

[11] Id. at 2.

[12] Emergency Room Record (Doc. 70, Exhibit C).

[13] Id.

[14] Id. at 7.

[15] Id.

[16] Id. at 6a.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party.[17] As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."[18] The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

## III. DISCUSSION

### A. Sexual Assault

The Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment.[19] "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply

---

[17] *See* Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

[18] Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).

[19] Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006).

4

not part of the penalty that criminal offenders pay for their offenses against society."[20]
The Eleventh Circuit concluded that there are two components to such a claim: (1) the injury must be objectively, sufficiently serious (more than *de minimis*); and (2) the corrections officer must have a sufficiently culpable state of mind.[21]

The culpable state of mind of the corrections officer, the second component, may be inferred from the act of sexual abuse, but "isolated episodes of harassment and touching" do not meet the first requirement, although such acts are despicable and potentially the basis of a state court tort action, they may not be of constitutional proportions.[22]

Cases where the injury requirement has been met involve some type of intrusive sexual contact, acts beyond mere touching, and allegations of pain.[23] Otherwise, courts have found no constitutional violation. For example, the court in Boddie found that the inmate failed to state an Eighth Amendment violation, where he did not allege any pain or injury, but complained about sexual comments by a female officer, who also pressed herself up against him in a sexual manner.[24]

Likewise, in Boxer, the Eleventh Circuit found that an inmate forced to masturbate in front of a female officer by threat of reprisal suffered only a *de minimis*

---

[20] Boddie v. Schnieder, 105 F.3d 857, 861 (2nd Cir. 1997).

[21] Boxer, 437 F.3d at 1111.

[22] Boxer, 437 F.3d at 111, *citing* Boddie, 105 F.3d at 861.

[23] Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)(demand for oral sex accompanied by grabbing and pushing inmate up against bars); Smith v, Cochran, 339 F.3d 1205, 1208 (10th Cir. 2003)(forced oral sex and sexual intercourse); Little v. Walker, 552 F.2d 193, 197 (7th Cir. 1977) (rape); Styles v. McGinnis, Case No. 0-1415, 2001 WL 1667273, *2 (6th Cir. Dec. 26, 2001) (forced rectal examination); Liner v. Goord, 196 F.3d 132, 135 (2nd Cir. 1999)(intrusive body cavity search).

[24] Boddie, 105 F.3d at 861. See also Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (sexual harassment for it to be actionable must involve pain of some type to constitute an injury).

5

injury, which did not violate the Eighth Amendment, but did state a claim for violation of his "privacy rights."[25]

Other cases have held that "one incident of non-violent harassment alone was not sufficient to meet the cruel and unusual punishment standard."[26]

An attempt to grab an inmate in a sexual manner, absent an allegation that the guard actually touched him, is not sufficiently serious to support a constitutional violation.[27]

With regard to the alleged sexual assault – accepting Plaintiff's version of the facts as true for purposes of this motion, which the Court is required to do on a motion for summary judgment – the only sworn evidence from Plaintiff is that Defendant pulled Plaintiff's shorts down and attempted to perform oral sex on him. Plaintiff has not submitted any evidence disclosing the level of force allegedly used, the precise manner in which the act was attempted, the degree to which the attempt was completed or even whether any contact was made or the oral sex act was completed. Notably, Plaintiff fails to describe *any* injury he incurred resulting from the alleged attempted oral sex other than emotional impact. Under the case law cited above, these facts do not rise to the level of a constitutional violation for sexual assault under the Eighth Amendment, and therefore Defendant is entitled to summary judgment on this claim.

---

[25] 437 F.3d at 111. This result has been criticized, but not overruled. See Boxer X v. Harris, 459 F.3d 1114, 1116-17 (11th Cir. 2006), *reh'g en banc denied*, (Barkett, J., dissenting, forced masturbation should be considered serious sexual abuse), *cert.denied*, 549 U. S. 1323 (2007).

[26] Marino v. Commissioner, No. 8-326-B-S, 201 WL 2731791, *10 (D. Me. June 30, 2010) (inmate forced to walk around holding his own genitals); Silvagnoli v. Fischer, No. 9:07-CV-561 (NAM/GJD), 2010 WL 1063849, *14 (N.D.N.Y. Mar. 1, 2010) (guard alleged to have attempted to grab inmate's groin area); White v. Bergenstock, No. 9:08-CV-717 (FJS/DRH), 2009 WL 4544390, *4 (N.D.N.Y. Nov. 25, 2009) (guard told inmate to show him his penis if he wanted extra food).

[27] Collins v. Graham, 377 F.Supp. 2d 241, 244 (D. Me. 2005).

### B. Excessive Force

Under the Eighth Amendment, force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."[28] A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used.[29] A *de minimis* use of force, as evidenced by no injury, typically cannot support a claim of excessive use of force.[30]

However, the Supreme Court has recently reiterated that a *significant* injury is not required to state a claim of excessive use of force since the Eighth Amendment prohibits malicious and sadistic acts upon prisoners whether or not injury results.[31] The extent of injury is but one factor to consider that may suggest whether the use and amount of force was necessary, but "[i]njury and force, however, are imperfectly correlated, and it is the latter that ultimately counts."[32] The Court in Wilkins noted that the "core judicial inquiry" in an excessive force case had shifted from whether a "certain quantum of injury was sustained" to "whether force was applied in a good-faith effort to

---

[28] Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).

[29] Hudson v. McMillian, 503 U.S. 1, 7-8 (1992).

[30] Id. at 7.

[31] Wilkins v. Gaddy, 130 S. Ct. 1175, 1177-80 ( Feb. 22, 2010)(*per curiam*).

[32] Id. at 1178.

maintain or restore discipline, or maliciously and sadistically to cause harm."[33] "When prison officials maliciously and sadistically use force to cause harm," the Court recognized, "contemporary standards of decency always are violated ... whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." [34]

Defendant argues that the only force used was to place hand restraints upon the Plaintiff because he was unruly and disorderly, and it was therefore a reasonable application of force under the circumstances. Defendant also contends that by definition this force was not excessive because Plaintiff sustained no injury.

Plaintiff avers that his head was slammed into a steel door by the Defendant, who is lying.[35] Plaintiff also argues that the Affidavit of Dr. Lafontant, used to support Defendant's contention that no injury was incurred, fails to comply with the requirements of Fed. R. Civ. P. 56 because the facts in the affidavit are not based upon Dr. Lafontant's personal knowledge.[36] Whether the force used to subdue Plaintiff was used as part of a good faith effort to restore discipline or was used for the purpose of hurting Plaintiff remains in dispute on this record. In ruling on a motion for summary judgment the Court is not permitted to weigh the evidence or make credibility

---

[33] Id. *quoting* Hudson, 503 U.S. at 7.

[34] Id. *quoting* Hudson, 503 U.S. at 79.

[35] Pl.'s Aff. 3.

[36] Pl.'s Aff. 1-2. Indeed, Dr. Lafontant did not examine the Plaintiff and had no personal knowledge of the events at issue, although he could attest to what he read in his medical records.

8

determinations.[37]  These are issues best left for resolution by the trier of fact. The Court cannot weigh the probative value of the conflicting affidavits submitted in conjunction with this motion and assign weight to one affidavit over the other because one affidavit seems more likely than another.[38]  While the Court recognizes that Plaintiff's affidavit in opposition to Defendant's motion is conclusory, and asserts only general denials of the facts alleged in Defendant's affidavit, Plaintiff, nonetheless, has alleged very specific facts in his sworn complaint and reaffirmed them in his affidavit by denying Defendant's version of the facts. The Court therefore concludes that for purposes of summary judgment this is sufficient to controvert Defendant's affidavits.[39]

Taking Plaintiff's version of the facts as true for purposes of this motion, Plaintiff contends that Defendant slammed Plaintiff's head into a steel door when Plaintiff rebuffed his sexual advances.  Therefore, even though there was no injury noted on Plaintiff's medical records and assuming Plaintiff did not suffer a significant injury, Plaintiff has submitted evidence suggesting that the use of force was in retaliation or was used to force Plaintiff's compliance in a sexual act.  Thus, Plaintiff has submitted sufficient evidence to raise an issue of fact as to whether the use of force was malicious and sadistic and therefore in violation of the Eighth Amendment.

---

[37] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

[38] Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008) (district court erred on summary judgment motion when it gave "little weight" to plaintiff's affidavit which described improbable scenario of four law enforcement officers on top of him at same time they are kicking and punching him).

[39] Perry v. Thompson, 786 F.2d 1093, 1094-95 (11th Cir. 1986) (where plaintiff has presented specific facts in sworn form, trial court cannot make credibility choices on summary judgment because conclusory affidavit did not specifically controvert facts asserted in defendant's affidavit).

The failure to sustain a physical injury may limit Plaintiff's recovery to nominal damages but, standing alone, does not mandate entry of summary judgment in favor of Defendant on Plaintiff's claim for excessive force.[40]

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion For Summary Judgment (Doc.70) be **GRANTED IN PART AND DENIED IN PART**, and that this cause be remanded to the undersigned for further proceedings.

At Gainesville, Florida, this 26th day of January, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[40] Hale v. Secretary for Department of Corrections, 345 Fed. Appx. 489 (11th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007); Nichols v. Riley, 141 Fed. Appx. 868 (11th Cir. 2005).