IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                          CASE NO. 1:09-cv-00029-MP -GRJ

DEPARTMENT OF CORRECTIONS, DANIEL FOLSOM, FORTNER, M HUMPHRIES, C JOHNSON, TERESA RICHARDSON, M SINGLETARY, MIKE SINGLETARY, EDWARD WILDON, J YOUNG,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 84, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion for Summary Judgment, Doc. 70, be granted in part and denied in part. Both parties timely objected to the Magistrate Judge's Report and Recommendation, Docs. 85 and 86. This Court reviews objected-to material *de novo*.

Plaintiff, a state prisoner, claims the Defendant, a correctional officer, pulled down Plaintiff's gym shorts and attempted to sexually assault him. The Report and Recommendation concluded that the facts alleged by Plaintiff "do not rise to the level of a constitutional violation for sexual assault under the Eighth Amendment, and therefore Defendant is entitled to summary judgment on this claim." Doc. 84 at 6.

In *Boxer X v. Harris*, the Eleventh Circuit recognized that "severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment." 437 F.3d 1107, 1111 (11th Cir. 2006). The Court concluded that "there is an objective component of the

inquiry, which requires that the injury be 'objectively, sufficiently serious,' and a subjective component, which requires the prison official have a 'sufficiently culpable state of mind.' *Id.* (citing *Boddie v. Schnieder*, 105 F.3d 857, 861 (2nd Cir. 1997)). However, the Court noted that "an injury can be 'objectively, sufficiently serious' only if there is more than *de minimis* injury." *Id.*

In the instant case, Plaintiff fails to describe *any* injury he incurred resulting from the alleged attempted oral sex other than emotional impact. Accordingly, Defendant's Motion for Summary Judgment is granted on the sexual assault claim.

Plaintiff further claims that when he pushed Defendant away, Defendant slammed his head into a steel door causing loss of "mental trust, dignity, and self-esteem." Doc. 13. The Report and Recommendation concluded that "Plaintiff has submitted sufficient evidence to raise an issue of fact as to whether the use of force was malicious and sadistic and therefore in violation of the Eighth Amendment." Doc. 84 at 9.

In his Objections to the Report and Recommendation, Defendant asserts that § 1997e(e) of the Prison Litigation Reform Act (PLRA) requires a showing of physical injury for an inmate to bring a civil action in federal court for mental or emotional injuries suffered while in custody. However, § 1997e(e) "only precludes some actions for money damages, and does not materially thwart actions for declaratory and injunctive relief." *Harris v. Garner*, 190 F.3d 1279, 1288 (11th Cir. 1999), vacated, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970, 972 (11th Cir. 2000) (en banc). Furthermore, *Harris* does not resolve the question of punitive damages, observing that the PLRA "only precludes some actions for money damages." 190 F.3d at 1288. Other circuits are split on the propriety of punitive damages when compensatory damages are unavailable under § 1997e(e). *Compare Calhoun v. DeTella*, 319

F.3d 936, 941 (7th Cir. 2003) (observing that punitive damages address a different kind of injury than compensatory damages for mental and emotional injury), *with Davis v. Dist. of Columbia*, 158 F.3d 1342, 1348 (D.C. Cir. 1998) (observing that Congress's intent would be thwarted if prisoners could do an end run around § 1997e(e) by asserting that the defendant acted maliciously).

The Defendant relies on the Eleventh Circuit's recent opinion in *Vicks v. Knight*, for the proposition that Plaintiff's affidavit alone is insufficient to establish a genuine issue of material fact that should be decided at trial. 380 Fed. Appx. 847 (11th Cir. 2010). In *Vicks*, the Plaintiff alleged that a corrections officer punched him in the ribs and torso repeatedly, and another refused to intervene, while the Plaintiff was in wrist and waist restraints. The corrections officers denied the allegations and their version of events was corroborated by the incident report, medical records and multiple witness affidavits. The Plaintiff's version of events, on the other hand, was contradicted by all of the relevant evidence, with the exception of his own affidavit. The Court concluded that "a reasonable factfinder could not believe that [the Plaintiff] suffered any injury, and thus could not reasonably infer that [the corrections officer] used anything more than a *de minimis* amount of force against [the Plaintiff]." *Id.* at 852.

In the instant case, the medical records reflect that Plaintiff was examined for the alleged head injury and complaints of a headache. Unlike *Vicks*, the Plaintiff in this case presents some evidence beyond his own affidavit. Moreover, a strike to the head, such as the one alleged here, may not exhibit the kind of marks or bruising that would be consistent with a beating to the ribs. As the Report and Recommendation correctly concludes "[t]he Court cannot weigh the probative value of the conflicting affidavits submitted in conjunction with this motion and assign weight to one affidavit over the other because one affidavit seems more likely than another." Doc. 84 at 9.

Plaintiff suffered no "physical injury" within the meaning of § 1997e(e) and thus can pursue no relief for mental or emotional injury. Plaintiff can, however, pursue any other appropriate relief. Accordingly it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 84, is ADOPTED and incorporated herein.

2. Defendant's Motion for Summary Judgment, Doc. 70, is GRANTED IN PART and DENIED IN PART.

3. The Clerk is directed to REMAND the case to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this __18th__ day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge