IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                              CASE NO. 1:09-cv-00029-MP-GRJ

DEPARTMENT OF CORRECTIONS, DANIEL FOLSOM, FORTNER, M HUMPHRIES, C JOHNSON, TERESA RICHARDSON, M SINGLETARY, MIKE SINGLETARY, EDWARD WILDON, J YOUNG,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Doc. 104, Objections to Discovery Order by Mike Singletary. On July 7, 2011, defendant filed a motion to compel seeking an order requiring plaintiff to answer deposition questions pertaining to the allegations of his complaint. Doc. 101. This motion followed plaintiff's refusal to answer most questions at his June 10, 2011 deposition. Defendant's motion requested an award of expenses pertaining to the motion, including attorney's fees and costs, pursuant to Fed. R. Civ. P. 37(a)(5)(A). *See* Doc. 101 at 8. The Magistrate Judge subsequently entered an order granting the motion to compel insofar as requiring plaintiff to submit to a second deposition and to answer questions, but denying the request for attorney's fees and costs. Doc. 103 at 3-4. Pursuant to Fed. R. Civ. P. 72(a), defendant timely objects to the portion of the Magistrate Judge's order that denied defendant's request for attorney's fees and costs. This Court must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a).

"A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting discovery." *Maddow v. Proctor and Gamble Company, Inc.*, 107 F. 3d 846, 853 (11th Cir. 1997). Substantially justified means that reasonable people could differ as to the appropriateness of the contested action. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988). In addition to substantial justification, the Federal Rules of Civil Procedure specify two other situations that prevent such an award: the moving party failed to make a good faith effort to obtain the discovery without court intervention, and "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

In the instant case, there are no circumstances that would bar the imposition of attorney's fees and costs. First, the Magistrate Judge concluded that plaintiff's "assertions of irrelevancy and Fifth Amendment privilege and subsequent refusal to testify were improper and grounds for this Court to grant Defendant's motion to compel." Doc. 103 at 2. Thus, plaintiff's refusal to answer defendant's counsel's relevant questions was not substantially justified. Second, the deposition transcript is replete with defendant's counsel's warnings to plaintiff that he would seek court intervention if plaintiff persisted in his refusals to answer relevant questions, and that he considered plaintiff's refusals unjustified. As such, the defendant made a good faith effort to obtain answers to his deposition questions without court action. Finally, neither the Magistrate Judge nor any party has identified any circumstances that would make an award of expenses unjust. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    The portion of the Magistrate Judge's order, Doc. 103, that denied defendant's request for attorney's fees and costs is set aside.

2. Defendant's request for an award of expenses pertaining to his motion to compel, including attorney's fees and costs, is GRANTED, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

3. Defendant is directed to submit a bill for all costs and attorney's fees expended on his motion to compel on or before September 23, 2011.

4. This matter is referred back to the Magistrate Judge to determine the appropriate amount of fees and costs to be awarded.

**DONE AND ORDERED** this   *6th* day of September, 2011

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge