UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN EDWARD PARKER,

    Plaintiff,

v.                                                           Case No. 1:09-cv-29-GRJ

MIKE SINGLETARY,

    Defendant.

_____\\

## **ORDER**

Pending before the Court is Doc. 172, Plaintiff's Motion for New Trial. Defendant has filed a response in opposition. (Doc. 173.) On September 11, 2012, following a jury trial, judgment was entered in favor of the Defendant. (Doc. 166.) The case involved an allegation of excessive force by Defendant, a correctional officer, against Plaintiff, a state prisoner.

Plaintiff, who has proceeded *pro se* throughout this case, argues that a new trial is warranted because: (1) he was limited to 20 minutes of closing argument, which resulted in a judgment founded on misinformation; (2) "The 'jury' was 'instructed' in part on 'misinformation.'"; (3) he was prevented from providing jury instruction on excessive force; and (4) extrinsic matters were involved in the trial. Defendant responds that the motion should be denied because Plaintiff failed to object to any of the issues raised in the motion for new trial and that nonetheless, there was no error or prejudice as to the length of closing argument, jury instructions, or allegedly extrinsic matters discussed at trial. (Doc. 173.)

Plaintiff did not object to the 20-minute time frame for closing arguments, jury instructions, or any "extrinsic evidence" during the trial. Absent plain error constituting a

miscarriage of justice, error cannot be claimed unless a timely objection was made. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Gannaway,* 2012 WL 1859528 (11th Cir. 2012). Plaintiff has not demonstrated that any plain error occurred during the trial. Notably, not only was the 20-minute time frame within the trial court's discretion and appropriate considering the limited amount of evidence presented, Plaintiff did not use the entire 20 minutes to deliver his closing argument.

With regard to the jury instructions, the jury instructions were taken with limited exceptions from the Eleventh Circuit Pattern Jury Instructions and Plaintiff has not shown any prejudice resulting therefrom.

Finally, to the extent Plaintiff's claims regarding "extrinsic evidence" refer to evidence related to his previous sexual allegations against Defendant, Defendant attempted to exclude this evidence prior to trial but his motion in limine was denied. Plaintiff was advised that he could reassert his motion at trial but did not do so. (Docs. 127, 141.) In any event the introduction of this evidence was relevant to the Defendant's argument that Plaintiff's allegations of excessive force lacked credibility.

Accordingly, upon due consideration, it is **ORDERED**:

Plaintiff's Motion for New Trial (Doc. 172) is **DENIED.**

**DONE AND ORDERED** in Gainesville, Florida, on October 30, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge